TIMOTHY D. BARROW, ESQ.
Grist Mill Square, Suite 3
148 Main Street
Lebanon, New Jersey  08833
(908) 236-2229
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

----------------------------------------------------------------
ASPEN AMERICAN INSURANCE COMPANY,   *Document Electronically Filed*

                 Plaintiff,     :    CIVIL ACTION No.
  v.

M/V RUDOLF SCHEPERS, her engines, tackle,        **VERIFIED COMPLAINT**
appurtenances, etc., *in rem,* and               **IN ADMIRALTY**
ASR FORWARDING LTD., CARGO MARKETING
SERVICES LIMITED t/a Procon Express Lines,
AMERICAN PRESIDENT LINES, LTD.,
TRANSTAR EXPRESS, LLC, AZ CONTAINER
FREIGHT STATION, INC. and PRIMEX TRUCKING
INC., *in personam,*
                 Defendants.     :
----------------------------------------------------------------

    The Plaintiff herein, by their attorney, Timothy D. Barrow, complaining of the above Defendants, verifies upon information and belief as follows:

### THE PARTIES

1. At and during all times hereinafter mentioned, Plaintiff ASPEN AMERICAN INSURANCE COMPANY, is a corporation or other business entity duly organized and existing under and by virtue of the laws of the State of Texas with an office and place of business at 101 Hudson Street, Jersey City, New Jersey 07302.

2. At and during all times hereinafter mentioned, Defendant ASR FORWARDING LTD. is a corporation or other business entity organized and existing under and by virtue of the laws of another country with an office and place of business located at Trafalgar House, 712 London

Road, West Thurrock, Essex RM20 3 JT, United Kingdom.

3. At and during all times hereinafter mentioned, Defendant CARGO MARKETING SERVICES LIMITED, trading as Procon Express Lines, is a corporation or other business entity organized and existing under and by virtue of the laws of another country with a FMC designated resident agent for the purpose of legal service here in the United States, identified as Michael Frearson, 1611 North Sheffield, Chicago, Illinois 60614.

4. At and during all times hereinafter mentioned, Defendant AMERICAN PRESIDENT LINES, LTD. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Delaware with a principal business address in the State of New Jersey located at 1085 Morris Avenue, Union, New Jersey 07083.

5. At and during all times hereinafter mentioned, Defendant TRANSTAR EXPRESS, LLC is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Illinois with a FMCSA designated process agent for the purpose of legal service here in the State of New Jersey, identified as Jerry Casser, 75 Lane Road, Ste. 402, Fairfield, New Jersey 07004.

6. At and during all times hereinafter mentioned, Defendant AZ CONTAINER FREIGHT STATION, INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New Jersey with a principal business address located at 2001, Lower Road, Linden, New Jersey 07036.

7. At and during all times hereinafter mentioned, Defendant PRIMEX TRUCKING INC. is a corporation or other business entity organized and existing under and by virtue of the laws of the State of New York with a FMCSA designated process agent for the purpose of legal service here in the State of New Jersey, identified as Jerry Casser, 75 Lane Road, Ste. 402, Fairfield, New Jersey 07004.

8. Plaintiff brings this action as the subrogated insurer of the subject cargo in suit and is entitled to maintain this action and also does so for and on behalf of the shipper, consignee and/or owner of the subject cargo as their interests may appear.

9. Defendant vessel RUDOLF SCHEPERS is or will be within this District during the pendency of this action.

10. In regard to the within subject shipment, Defendant AMERICAN PRESIDENT LINES, LTD. is a vessel operating common carrier and/ or contract carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

11. In regard to the within subject shipment, Defendant ASR FORWARDING LTD. is an unlicensed and unregistered non-vessel operating common carrier and/or ocean freight forwarder of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

12. In regard to the within subject shipment, Defendant CARGO MARKETING SERVICES LIMITED is a FMC licensed and/or registered foreign-based non-vessel operating common carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

13. In regard to the within subject shipment, Defendant TRANSTAR EXPRESS, LLC is interstate motor carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

14. In regard to the within subject shipment, Defendant PRIMEX TRUCKING INC. is interstate motor carrier of cargo for hire and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

15. In regard to the within subject shipment, Defendant AZ CONTAINER FREIGHT STATION, INC. is a container freight station that receives, handles, stores and delivers cargo from its Linden, New Jersey facility and is otherwise a bailee of cargo entrusted in its care, custody and/or control.

## JURISDICTION AND VENUE

16. Plaintiff's causes of action are admiralty and maritime claims within the original jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1333, and also arises under Federal Rule of Civil Procedure 9(h) as well as this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

17. Venue is proper and appropriate for this action pursuant to Federal Rule of Civil Procedure 82 as this Court's admiralty jurisdiction has been invoked by Plaintiff and Defendants herein are subject to personal service and/or the provisions of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.

## THE FACTS

18. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 17 of the within Verified Complaint In Admiralty in their entirety, as if set forth herein at length.

19. On or about May 13, 2013, Defendant ASR FORWARDING LTD. issued or caused to be issued bill of lading numbered SE/002664 and/or other receipt for the transport by ocean of 10 fiberboard cartons of perfumery products on one pallet received at Rainham, United Kingdom, or some other place, that was subsequently stowed in shipping container no. TRLU6734098 with seal # CMS007353 to be loaded at Felixstowe aboard the M/V RUDOLF SCHEPERS on or about this same date for transport to New York and subsequent discharge and delivery from the Port of New York & New Jersey, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

20. On or about May 12, 2013, Defendant CARGO MARKETING SERVICES LIMITED, trading as Procon Express Lines issued or caused to be issued bill of lading numbered PCXS3ES13050086 and/or other receipt for the transport by ocean of 10 fiberboard cartons of perfumery products on one pallet received at Rainham, United Kingdom, that was subsequently stowed in shipping container no. TRLU6734098 with seal # CMS007353 to be loaded at Felixstowe aboard the M/V RUDOLF SCHEPERS on or about this same date for transport to New York and subsequent discharge and delivery from the Port of New York & New Jersey, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

21. The subject cargo of perfumery products, more fully described in the above mentioned bills of lading, and/or receipts, was delivered to and received in good order and condition by the Defendant ASR FORWARDING LTD. and/or CARGO MARKETING SERVICES LIMITED, trading as Procon Express Lines or persons acting on their behalf, at Rainham on or before May 13, 2013 and the said palletized cargo of 10 fiberboard cartons was then consolidated with other cargo in the subject container and loaded aboard the vessel RUDOLF SCHEPERS for water transport at which time said Defendants continued to exercised care, control and/or custody over the subject cargo through to the time of discharge and delivery in New York.

22. On or about May 12, 2013, Defendant AMERICAN PRESIDENT LINES, LTD. issued or caused to be issued bill of lading numbered APLU704165977 and/or other receipt for the transport by ocean of container no. TRLU6734098 containing the subject 10 fiberboard cartons of cargo, *inter alia*, which was received and to be loaded at Felixstowe aboard the M/V RUDOLF SCHEPERS on or about this same date for transport to New York and subsequent discharge and delivery from the Port of New York & New Jersey, in consideration of certain freight paid and received by said Defendant or persons acting on its behalf.

23. Thereafter the Defendant vessel RUDOLF SCHEPERS departed Felixstowe on or about May 12/13, 2013 with the subject cargo aboard and arrived at the Port of New York on or about

May 19, 2013 to the U.S. port of discharge of New York. Thereafter, Defendants AMERICAN PRESIDENT LINES, LTD., CARGO MARKETING SERVICES LIMITED, and/or ASR FORWARDING LTD. or those acting on their behalf or at said Defendants' direction caused the subject cargo to be discharged on or about May 20, 2013 and delivered same on or about May 21, 2013 from the Port Newark terminal whereby it was transported by truck by Defendant TRANSTAR EXPRESS, LLC, or some other motor carrier, and received by said Defendants' designated container freight station, Defendant AZ CONTAINER FREIGHT STATION, INC., in Linden, New Jersey the same or next day.

24. On or about May 21 or 22, 2013, Defendant AZ CONTAINER FREIGHT STATION, INC. proceeded to unload the subject container and received the subject cargo for the purpose of temporary storage and delivery to Plaintiff's insured's trucker, Defendant PRIMEX TRUCKING INC., on or about May 22 or 23, 2013.

25. On or about May 22 or 23, 2013, Defendant PRIMEX TRUCKING INC. picked-up the subject cargo from Defendant AZ CONTAINER FREIGHT STATION, INC. in Linden, New Jersey, and transported the cargo to Plaintiff's insured, Perfume Center of America Inc. in Plainview, New York and delivered same on May 23, 2013.

26. After delivery to plaintiff's insured and subsequent opening of the fiberboard cartons at its Plainview, New York facility, Plaintiff's insured found stones and rocks in place of the cargo of perfumery products evidencing the theft and pilferage of same while in transit and/or before receipt by Plaintiff's insured.

27. Plaintiff and its insured have duly performed all duties and obligations on their part to be performed.

## PLAINTIFF'S CAUSE(S) OF ACTION AGAINST ALL DEFENDANTS

## COUNT ONE – BREACH OF CONTRACT

28. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 27 of the within Verified Complaint in their entirety, as if set forth herein at length.

29. Defendants' failure to transport and/or store as well as deliver the subject cargo of perfumery products to destination in the same good order, quantity and condition as received was caused by the Defendant(s) herein and/or its sub-contractors', agents', and/or servants' breaches of contract owed to the shipper, consignee and/or owner of said cargo as carrier or bailee of same that resulted from their conduct or omissions to properly receive, store, secure, carry, transport, discharge, deliver and/or care for the subject cargo. Defendant(s) failure was a breach of contract by the said Defendant(s).

30. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $12,770.00.

## COUNT TWO – NEGLIGENCE

31. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 27 of the within Verified Complaint in their entirety as if set forth herein at length.

32. Defendants and Defendants' sub-contractors, agents, and/or servants owed duties of care to the shipper, consignee and/or cargo owner upon receipt of same and thereafter while the cargo was in their care, custody and/or control including storage, loading, stowage, transport, discharge and delivery.

33. The failure to transport and/or store and deliver the subject cargo in the same good order, quantity and condition as received is a breach of Defendants' duties and obligations of care as carriers and was the proximate cause of the loss and damage sustained by Plaintiff and/or its insured.

34. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $12,770.00.

## COUNT III – BREACH OF BAILMENT

35. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 27 of the within Verified Complaint in their entirety as if set forth herein at length.

36. Defendants and Defendants' sub-contractors, agents, and/or servants took possession and exercised care, custody and/or control of the subject cargo which constituted a bailment of same.

37. Defendants' failure to re-deliver the entrusted subject cargo perfumery products and returning possession, care, custody and/or control of same to Plaintiff's insured, but rather instead cartons filled with stones and rocks constituted a breach of bailment and is/are a violation of its/their duties and obligations as bailee(s).

38. By reason of the premises, Plaintiff has sustained damages, no part of which has been paid although duly demanded, in the amount of $12,770.00.

## COUNT FOUR – CONVERSION

39. Plaintiff repeats and realleges the allegations set forth in paragraphs numbered 1 through 27 of the within Verified Complaint in their entirety as if set forth herein at length.

40. Plaintiff's insured as consignee/owner of the cargo had the right to receive and possess the subject cargo of perfumery products, but was deprived of same due to the intentional act of pilfering same and replacing the said product with stones and rocks while in the custody, possession, safekeeping and or control of Defendants.

41. The deprivation of right to receive and possess the subject cargo of perfumery products by the Plaintiff's insured amounts to a conversion by Defendants and was also the cause of the loss and damage sustained by Plaintiff.

42. By reason of the premises, Plaintiff has sustained estimated damages, no part of which has been paid although duly demanded, in the amount of $12,770.00.

WHEREFORE, Plaintiff demands:

1. That process in due form of law according to the practice of this Court may issue against the named Defendants;

2. That if any Defendant cannot be found within this District or does not admit or accede to the jurisdiction of this Court, then that all of its property within this District, as shall be described in a subsequent affidavit, be attached in the sum set forth in this Verified Complaint pursuant to the rules and practices of this Court pertaining to maritime attachment and/or garnishment, with interests and costs;

3. That process and warrant for a maritime arrest, attachment and/or garnishment according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction *in rem*, may issue against the Defendant Vessel and that all persons having or claiming an interest therein may be cited to appear and answer, the matters aforesaid upon application for same by Plaintiff;

4. That a decree and judgment may be entered in favor of Plaintiff against the Defendants, individually, jointly and severally, for the amount of Plaintiff's damages in the amount of $12,770.00 or the total damages to be established at trial, , together with pre-judgment and post-judgment interest and costs; and

5. That this Court will grant the Plaintiff such other and further relief as may be just and proper.

                                                                       s/ Timothy D. Barrow
                                                                      TIMOTHY D. BARROW
                                                                      Attorney for Plaintiff

Dated: May 21, 2014
       Lebanon, New Jersey

## ATTORNEY VERIFICATION/CERTIFICATION

I, TIMOTHY D. BARROW, an Attorney at Law of the State of New Jersey and a Member of the Bar of this Court verify, certify, and say:

I am the attorney for the Plaintiff herein; I have read the foregoing Verified Complaint and know the contents thereof; and that the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe it to be true.

The reason this Verification/Certification is made by undersigned counsel and not by Plaintiff is that Plaintiff's representative or employee who is familiar with this matter is not available to execute same at this time in this District. In light of this circumstance, I make this Verification on his behalf.

The sources of my information and the grounds for my belief as to those matters stated in the Verified Complaint, to be alleged on information and belief, are documents and records in my file, my own investigation as well as communications with my client.

I hereby verify and certify that the foregoing statements made by me are true. I am aware that if any of these statements made by me are willfully false, I am subject to contempt of Court.

                                            s/ Timothy D. Barrow
                                            TIMOTHY D. BARROW
                                            Attorney at Law – State of New Jersey

DATED: May 21, 2014
             Lebanon, New Jersey